UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>PROTEGO FINANCIAL CORPORATION, a Washington State Company; *et al.*,<br><br>Defendants. | Case No. 3:24-cv-00250-ART-CLB<br><br>ORDER<br><br>(ECF Nos. 9, 11) |

Before the Court is Plaintiff Switch LTD's Motion for Default Judgment against Defendant Protego Financial Corporation under Fed. R. Civ. P. 55(b) (ECF No. 9) and Switch's Motion to Seal its contract, service orders, and invoice filed to support its motion (ECF No. 11).

## I. Background

Plaintiff Switch LTD provides data-center services. (ECF No. 1.) Defendant Protego is a cryptocurrency business. (*Id.*) Switch contracted to provide data-center services to Protego in exchange for monthly payments over several years, and Protego stopped paying shortly after, in December 2022. (ECF No. 13.) A few months later, Switch sent payment reminders and written notice of breach. (*Id.*) In April 2023, after Switch sent written notice of termination, Protego made a partial payment of $10,000 on their $129,198 balance. (*Id.*) Protego again paid $10,000 that May, but it stopped making any further payments from June 2023 onward. (*Id.*) Switch terminated services and the contract. (ECF No. 9.)

Switch's contract with Protego permitted Switch to collect the balance of contract payments following breach. (ECF No. 13-1.) The contract also permitted Switch to dispose of Protego's equipment should Protego fail to remove its

1

equipment from Switch's data center within ninety days of receiving post-termination notice. (*See id.*) Switch provided written notice of termination and written notice of Switch's intent to dispose of Protego's property. (ECF No. 13.) Protego has not removed its equipment, and more than ninety days have elapsed since Switch provided post-termination notice. (*Id.*)

Switch sued Protego in this Court seeking damages, attorneys' fees, costs in collection, and a judicial order permitting Switch to dispose of Protego's equipment by auction. (ECF No. 9.) Switch also provided a declaration from Switch's litigation paralegal Tanya Paonessa that contained Switch's contract with Protego, Switch's service orders, and an invoice. (*See* ECF No. 13.)

Protego failed to appear after a process server completed service on their registered agent, and the Clerk entered Default soon after. (ECF Nos. 7, 8.) To date, Protego has not entered an appearance or opposed Switch's motion. (ECF No. 14.)

## II. Legal Standard for Default Judgment

After the Clerk has entered default against a party, an opposing party may seek default judgment. Fed. R. Civ. P. 55(b). In deciding whether to grant default judgment, the Court considers factors including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). "Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages." *Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC(BGS), 2018 WL 11408584 (S.D. Cal. Mar. 21, 2018) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### III. Analysis

As the Clerk has already entered default against Protego (ECF No. 8), the Court considers Switch's motion for default judgment.

#### A. Prejudice to Plaintiff

The possibility of prejudice to the plaintiff may be satisfied by showing harm and showing that plaintiffs lack other recourse without default judgment. *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021); *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 1160715, at *3 (D. Nev. Mar. 15, 2024). In this case Switch has received only $20,000 on a contract worth over a million dollars and has had to incur costs of providing energy to Protego's equipment and space within the facility. (ECF No. 13.) This is enough to show prejudice.

#### B. Merits of Plaintiff's Claims and Sufficiency of Complaint

Switch's complaint must allege facts that support plausible, legally cognizable claims. *NewGen*, 840 F.3d at 613–14. Switch's complaint seeks relief under breach of contract and declaratory judgment claims. (ECF No. 9.)

To plead a breach of contract, Switch must allege "(1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *See Iliescu v. Reg'l Transp. Comm'n of Washoe Cty.*, 522 P.3d 453, 458 (Nev. App. 2022). The complaint alleged that a contract existed, that Switch provided space to Protego, that Protego failed to pay Switch, and that the breach harmed Switch. (*See* ECF No. 1.) Because the Clerk entered default against Protego, these allegations are accepted as true. *See BBK Tobacco & Foods*, 2024 WL 1160715, at *2.

To plead a claim for declaratory relief, Switch must allege "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cnty. of Clark, ex rel. Univ. Med. Ctr. v.*

*Upchurch,* 961 P.2d 754, 757 (Nev. 1998). Switch adequately alleged that a controversy exists between it and Protego, that Switch has a legally protectable interest in its rights under the contract, and that Switch's right to dispose of Protego's equipment is ripe for judicial determination. (*See* ECF No. 1.)

Accordingly, these *Eitel* factors favor granting default judgment.

### C. Damages at Stake in Relation to Seriousness

The damages at stake in the case are proportional to the seriousness of Protego's conduct. Compensatory damages are proportional to harm caused by "persistent disregard for [] contractual obligations." *Sit Means Sit Franchise, Inc. v. SMSHTX*, LLC, No. 2:23-CV-01464-CDS-DJA, 2024 WL 3202561, at *3 (D. Nev. June 26, 2024). Switch's contract with Protego permitted Switch to seek to collect the balance of the contract if Protego breached the contract. (*See* ECF No. 13-1.) The contract also permitted Switch to dispose of Protego's equipment if Protego did not remove its equipment from Switch's data center within ninety days of receiving post-termination notice. (*Id.*) Both conditions have been met, and the Court finds Switch's damages appropriate.

### D. Disputes of Material Facts

There is no dispute concerning material facts at this stage in proceedings. *NewGen,* 840 F.3d at 616. After the Clerk has entered default, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *PepsiCo, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir.1987)).

Accordingly, this factor also weighs in favor of default judgment.

### E. Excusable Neglect

Protego's neglect of this lawsuit does not appear to be excusable. When a defendant fails to make an appearance after being properly served, this factor favors default judgment. *See Bd. of Trustees of Constr. Indus. & Laborers Health*

4

& *Welfare Tr. v. Bottom Line Constr.*, No. 2:23-CV-00830-JCM-DJA, 2024 WL 3104519, at *3 (D. Nev. June 24, 2024). Protego was served with the summons and complaint, and Switch sent a courtesy copy of the complaint and motion for entry of default to Protego's outside counsel twice. (*See* ECF Nos. 7, 9.) Protego did not respond. Accordingly, this factor weighs in favor of default judgment.

**F. Policy Favoring Decision on the Merits**

Here a decision on the merits is unlikely despite the federal rules' strong policy preference for deciding cases "upon their merits whenever possible." *Newgen*, 840 F.3d at 616 (citing *Eitel*, 782 F.2d at 1471–72). As Protego has not participated in this case for almost a year, the Court finds that deciding the case on the merits is exceedingly unlikely. *See PepsiCo*, 238 F. Supp. 2d at 1175. This factor does not preclude the Court from granting default judgment.

Accordingly, the Court finds that the factors weigh in favor of granting default judgment.

**G. Damages**

Switch has provided sufficient evidence of its damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (allegations of damages not taken as true when considering default). Switch's contract damages, $1,010,112.90 with post-judgment interest to accrue, are supported by sufficient evidence, including the contract listing the conditions of breach, the service orders showing monthly recurring costs, and the invoice calculating total amount due on the contract. (ECF Nos. 13-1, 13-2, 13-3.) The relief Switch seeks in its declaratory judgment claim, to dispose of Protego's equipment by auction because they did not claim it within 90 days of receiving post-termination notice of Switch's intent to dispose, is supported by evidence showing this term in the contract. (*See* ECF No. 13-1.)

The Court must also consider Switch's claim for attorney's fees. "Under both federal and Nevada law, valid contractual provisions for the payment of

attorneys' fees constitute a sufficient source of authority supporting a fee award." *Hunt v. Zuffa, LLC*, 528 F. Supp. 3d 1180, 1183 (D. Nev. 2021). A motion for attorney's fees must include a reasonable itemization and description of the work performed, and an itemization of all costs sought to be charged as part of the fee award. LR 54-14. The motion should also include a brief summary of the results obtained; the time and labor required; the novelty and difficulty of questions; skill required to perform the services properly; the preclusion of other employment by the attorneys due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or circumstances; the experience, reputation, and ability of the attorneys; the undesirability of the case, the nature and length of the professional relationship with the client; awards in similar cases; and any other information the court may request. *Id.*; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

"When calculating the amount of attorney fees to be awarded in litigation, courts in this district apply the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *United States for Use & Benefit of Wells Cargo, Inc. v. Alpha Energy & Elec., Inc.*, No. 2:18-CV-1182-JCM-EJY, 2023 WL 2570424, at *5 (D. Nev. Mar. 20, 2023) (citing *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)).

Switch's motion for attorney's fees is within the scope of Switch's contract and sets forward the required facts. Switch's contract with Protego allows for expenses incurred in collection efforts, including attorneys' fees. (ECF Nos. 12, 13-1.) Switch's motion for attorney's fees and declaration have appropriately summarized the factors required by the local rules. Switch's attorneys achieved the sought-after result for their client; they paid opportunity costs in not working on other cases; and they performed skillfully even though the legal questions were not novel or difficult. (ECF Nos. 9, 10.) The attached itemized time entries are

1  reasonable estimates of the work required for this case, and the rates charged by
2  Switch's counsel are comparable to rates charged by lawyers with similar
3  education and experience in this district. (*See* ECF Nos. 9; 10.) Accordingly, the
4  Court calculates the rates charged by Switch's counsel multiplied by the number
5  of hours worked as $21,810.00 and the additional filing and process server fees
6  as $485, meaning the total attorneys' fees and costs are $22,295.00. (ECF No.
7  10.)

**IV.    Motion to Seal**

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to overcome this presumption for attachments to a dispositive pleading must show "compelling reasons supported by factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (quotations omitted). District courts have broad latitude to grant protective orders based on "trade secrets or . . . commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). A litigant may meet the "compelling reasons" standard by showing that sealing is needed to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *See In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

Here the Court finds that Switch has provided sufficient facts to justify sealing the exhibits to their motion for default judgment. Switch's contract contains information on pricing and terms of its data-center services that it treats as sensitive business information. (ECF No. 13.) Additionally, while not dispositive, Switch's contract with Protego binds the companies to keep the contract confidential. (*See* ECF No. 13-1.) Finally, portions of the invoice also

contain Switch's bank account information. (ECF No. 13-3.) Accordingly, the Court finds Switch has met its burden to justify sealing its contract and service orders as well as redacting its invoice.

### V.     Conclusion

Accordingly, the Court grants Switch's motion for default judgment against Defendant Protego (ECF No 9).

Further, the Court approves the requested contract damages of $1,010,112.90 with post-judgment interest; fees and costs totaling $22,295.00; and permission to dispose of Protego's equipment.

The Court also grants Switch's motion to seal (ECF No. 11).

The Court instructs the Clerk to enter judgment accordingly and close the case.

Dated this 14th day of February, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE